## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LARRY WHITING, LEROY WHITING, &
LORENZO GARCIA,

      Plaintiffs,

vs.                                                          No. CIV 11-0671 JB/GBW

DANA HOGAN;
CLARK MOVING AND STORAGE, INC.;
MAYFLOWER TRANSIT, LLC &
THE HANOVER INSURANCE COMPANY,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Defendant Hanover Insurance Group's Motion to Dismiss, filed August 5, 2011 (Doc. 7)("Hanover MTD"); (ii) Defendant Mayflower Transit LLC's Motion to Dismiss, filed October 21, 2011 (Doc. 19)("Mayflower MTD"); (iii) Clark Moving & Storage, Inc.'s Motion to Dismiss, filed December 14, 2011 (Doc. 27)("Clark MTD"); and (iv) Defendant Dana A. Hogan's Motion to Dismiss, filed January 10, 2012 (Doc. 33)("Hogan MTD"). The Court held a hearing on February 14, 2012. The primary issues are: (i) whether Plaintiffs Larry Whiting, Leroy Whiting, and Lorenzo Garcia have stated a claim against Defendant The Hanover Insurance Company upon which relief can be granted; (ii) whether the United States District Court for the District of New Mexico is the proper venue for this case; (iii) whether the District of New Mexico has personal jurisdiction over Defendant Clark Moving and Storage, Inc.; and (iv) whether the District of New Mexico has personal jurisdiction over Defendant Dana Hogan. The Court will grant in part and deny in part the Mayflower MTD, Clark Moving MTD, and Hogan MTD. The Court finds that the District of New Mexico is not the proper venue for this action and

that the Court lacks personal jurisdiction over Clark Moving and Hogan.  Because the Court finds that it is in the interest of justice to transfer the case, the Court will transfer the case against Mayflower Transit, Clark Moving, and Hogan to the District of Arizona and will not dismiss the Complaint.  The Court will grant the Hanover MTD, because the Court finds that the Complaint fails to state a claim against Hanover Insurance.

## FACTUAL BACKGROUND

The Plaintiffs assert that, on December 5, 2010, at approximately 10:30 a.m., they were traveling westbound on Interstate 40 in Navajo County near Holbrook, Arizona in a motor vehicle.  See Complaint for Personal Injuries ¶ 14, at 3 (dated June 24, 2011), filed July 29, 2011 (Doc. 1-1)("Complaint").  At the same time, traveling in the same direction, Hogan was operating a tractor-trailer.  See Complaint ¶ 15, at 3.  The Plaintiffs allege that Hogan negligently, carelessly, and in violation of the laws or regulations of the State of Arizona moved suddenly into the Plaintiffs' lane of travel, forcing their vehicle off the interstate.  See Complaint ¶ 16, at 3-4.  They assert that Hogan: (i) was traveling too fast for the conditions; (ii) failed to yield the right of way; (iii) failed to keep a proper lookout for traffic; and (iv) changed lanes without warning.  See Complaint ¶ 17, at 4.  The Plaintiffs incurred medical expenses, suffered severe injuries, continue to suffer costs, continue to suffer mental and emotional distress, and suffered lost income.  See Complaint ¶¶ 19-25, at 4-5.  The tractor-trailer was: (i) owned and/or insured by Mayflower Transit; and (ii) owned and/or insured by Clark Moving.  See Complaint ¶¶ 28-32, at 5-6.  Hanover Insurance insured Hogan.  See Complaint ¶ 33, at 6.

## PROCEDURAL BACKGROUND

The Plaintiffs filed their Complaint in the First Judicial District Court, Santa Fe County, State of New Mexico on June 24, 2011.  See Doc. 1-1.  Each Plaintiff is a resident of New Mexico.

See Complaint ¶¶ 1-3, at 1.  They assert that: (i) Hogan is a resident of Florida; (ii) Mayflower Transit is a foreign corporation organized under the laws of and with its principal place of business in Missouri; (iii) Clark Moving is a New York corporation with its principal place of business in New York; and (iv) Hanover Insurance is a foreign corporation.  See Complaint ¶¶ 4-6, 8, at 1-2. The Plaintiffs allege the following Counts: (i) Negligence and Negligence Per Se against Hogan; (ii) Negligent Entrustment & Vicarious Liability, Negligent Hiring, and Negligent Supervision against Clark Moving; and (iii) Negligent Entrustment & Vicarious Liability, Negligent Hiring, and Negligent Supervision against Mayflower Transit.  See Complaint at 6, 8, 11.  On July 29, 2011, the Defendants removed the case to federal court.  See Notice of Removal, filed July 29, 2011 (Doc. 1). They assert that the Court has subject-matter jurisdiction, because the parties are completely diverse and the amount in controversy is greater than $75,000.00.  See Notice of Removal at 2-3.

The Defendants then filed several motions to dismiss.

**1.      Hanover Insurance.**

On August 5, 2011, Hanover Insurance filed the Hanover MTD.  See Doc. 7.  Hanover Insurance asks that the Court dismiss the claims against it for failure to state a claim, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, to enter judgment on the pleadings, pursuant to rule 12(c).  See Hanover MTD at 1.  Hanover Insurance asserts that the Complaint is "premised upon alleged conduct that occurred entirely in the State of Arizona," and that the Plaintiffs fail "to state a claim that the New Mexico Financial Responsibility Act should apply and allow joinder of Defendant Hanover."  Hanover MTD at 1.  It argues that it was joined in the present lawsuit based on the Mandatory Financial Responsibility Act, N.M.S.A. 1978, §§ 66-5-201 to -239 ("MFRA").  Hanover MTD at 3.  Hanover Insurance asserts that MFRA is not applicable to the allegations in the Complaint and does not permit its joinder, because MFRA applies

only to accidents involving New Mexico residents and "upon the highways of the state."  Hanover MTD at 3.  It argues that neither requirement is met because: (i) Hogan was a resident of Florida; and (ii) the accident occurred in Arizona.  <u>See</u> Hanover MTD at 3-4.  Hanover Insurance further asserts that MFRA permits the joinder of an insurance company only where it mandates liability insurance, which is for residents of New Mexico.  <u>See</u> Hanover MTD at 4.  It likewise argues that joinder under A.R.S. § 28-4033 is improper, because MFRA "does not apply to another state's financial responsibility laws" and because Hanover Insurance is not a resident of Arizona.  Hanover MTD at 5.  In the alternative, Hanover Insurance argues that judgment on the pleadings is appropriate, because there is no direct cause of action against it, and because the Complaint does not state a plausible claim for relief.  <u>See</u> Hanover MTD at 5.

On August 19, 2011, the Plaintiffs filed Plaintiff Larry Whiting's, Leroy Whiting's, & Lorenzo Garcia's Response in Opposition to Defendant Hanover Insurance Group's Motion to Dismiss.  <u>See</u> Doc. 9 ("Hanover Response").  The Plaintiffs assert that Hanover Insurance improperly filed its motion to dismiss after filing a responsive pleading and that its motion should be for judgment on the pleadings.  <u>See</u> Hanover Response at 3.  They argue that rule 12(c) indicates that a motion to dismiss tendered after a responsive pleading is treated as a motion for judgment on the pleadings.  <u>See</u> Hanover Response at 3.  The Plaintiffs assert that Hanover Insurance's argument regarding MFRA fails, because the Court has not yet determined what law applies to the case.  <u>See</u> Hanover Response at 4.  They agree that Hanover Insurance's joinder was premised in part on MFRA, but assert that New Mexico law applies to it.  <u>See</u> Hanover Response at 5.  The Plaintiffs argue that Hanover Insurance's "remedy for being named in a lawsuit is not dismissal"; rather, the proper remedy "is to bifurcate the insurer and stay the discovery against it unless and until such time as any claims may arise that directly implicate Defendant Hanover."  Hanover Response at 5.  They

assert that the law of the forum is applied absent a compelling reason to apply foreign law. See Hanover Response at 5.  The Plaintiffs contend that Hanover Insurance's joinder was not, on its face, improper and that Hanover Insurance is not entitled to dismissal.  See Hanover Response at 6.

On August 30, 2011, Hanover Insurance filed its Defendant The Hanover Insurance Company's Reply in Support of Its Motion to Dismiss.  See Doc. 11 ("Hanover Reply").  Hanover Insurance argues that its motion to dismiss was properly filed, because it has not yet filed a responsive pleading.  See Hanover Reply at 3.  It asserts that it also never filed a responsive pleading in state court before removal.  See Hanover Reply at 3.  Hanover Insurance argues that there is no choice of law issue before the Court and that the only relevant question is whether MFRA applies to the Defendants.  See Hanover Reply at 5.  It notes that the Plaintiffs concede that they have no direct claims against Hanover Insurance.  See Hanover Reply at 6.

> ### 2.    **Mayflower Transit**.

Mayflower Transit moves to dismiss the Complaint based on improper venue. See Mayflower MTD at 1.  It asserts that venue is proper only in: (i) a judicial district where any defendant resides, if all the defendants reside in the same State; (ii) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (iii) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no other district in which the action may be brought.  See Mayflower MTD at 2-3 (citing 28 U.S.C. § 1391(a)).  Mayflower Transit argues that the "Plaintiffs do not allege that all Defendants reside in the same state or that any of them reside in New Mexico," and that venue is therefore improper under 28 U.S.C. § 1391(a)(1).  Mayflower MTD at 3.  It contends that all the actions giving rise to the Plaintiffs' claims occurred in Arizona, such that venue is improper under 28 U.S.C.

§ 1391(a)(2).  See Mayflower MTD at 3 (citing Complaint ¶¶ 10, 14-25, at 3-5).  Mayflower Transit further asserts that the District of New Mexico is an improper venue, under 28 U.S.C. § 1391(a)(3), because venue could properly be laid in the United States District Court for the District of Arizona under 28 U.S.C. § 1391(a)(2).  See Mayflower MTD at 4.  It argues that, because venue is improper, the Court should dismiss the Complaint without prejudice to allow refiling in the proper judicial district.  See Mayflower MTD at 4.  Mayflower Transit also contends that retaining venue in New Mexico would frustrate the interests of judicial economy, because Mayflower Transit believes that the claims against it are closely related to those against the other Defendants and that it is unlikely that the Court has personal jurisdiction over Hogan or Clark Moving.  See Mayflower MTD at 4.  Mayflower Transit argues that this decision could lead to "the undesirable position of closely related claims being litigated in separate forums."  Mayflower MTD at 5.  It contends that the Plaintiffs' choice of forum should be given little deference, because they engaged in forum shopping when they brought their claims in New Mexico notwithstanding New Mexico's lack of personal jurisdiction over Hogan and Clark Moving.  See Mayflower MTD at 5.

On November 1, 2011, the Plaintiffs filed Plaintiff Larry Whiting's, Leroy Whiting's, & Lorenzo Garcia's Response to Defendant Mayflower's Motion to Dismiss for Improper Venue. See Doc. 20 ("Mayflower Response").  The Plaintiffs argue that venue was proper in state district court where the Complaint was originally filed, because the New Mexico venue statute dictates that venue is proper "in the county were either the plaintiff or defendant, or any one of them in case there is more than one of either, resides."  Mayflower Response at 2 (citing N.M.S.A. 1978, § 38-3-1A). The Plaintiffs concede that the all of the named Defendants are citizens of different states. See Mayflower Response at 2.  They assert that, because Hanover Insurance has a registered agent for service of process in Santa Fe, New Mexico, filing their Complaint in the First Judicial District

Court was proper.  See Mayflower Response at 3.  They argue that because the "Plaintiffs complied with the New Mexico State venue statute and because Plaintiffs all reside and are citizens of New Mexico, Defendant Mayflower's argument that Plaintiffs are forum-shopping is spurious, unfounded, and should be disregarded."  Mayflower Response at 3.  They further assert that venue is proper in the District of New Mexico, because all subsequent medical providers, the Plaintiffs, and the majority of the evidence reside in New Mexico.  See Mayflower Response at 3.  The Plaintiffs argue that the only connection to the District of Arizona is that the accident occurred there and two of the hospitals in which the Plaintiffs received treatment are in Arizona.  See Mayflower Response at 4.  Additionally, the Plaintiffs contend that, because "all the relevant evidence and three of the six parties reside here in New Mexico," there is an inference that a "substantial part of the events or omissions giving rise to the claim occurred" in New Mexico.  Mayflower Response at 4 (citing 28 U.S.C. § 1391(a)(2)).  The Plaintiffs assert that Mayflower Transit is forum shopping, because Arizona would be a venue "convenient to no one and without any nexus to the parties or evidence."  Mayflower Response at 4.  They contend that Mayflower Transmit "omits the fact that Defendant Hogan passed through New Mexico in his Mayflower tractor-trailer while en-route to the scene of the accident, westbound on Interstate 40 near Holbrook, Arizona."  Mayflower Response at 4.  The Plaintiffs argue that "no court in the country could simultaneously have personal jurisdiction over all parties and that a remedy was provided in the rules for service of process and the minimum contacts analysis to address just this situation."  Mayflower Response at 5.

On November 15, 2011, Mayflower Transit filed its Defendant Mayflower Transit, LLC's Reply in Support of Its Motion to Dismiss.  See Doc. 22 ("Mayflower Reply").  Mayflower Transit argues that New Mexico's venue statute is irrelevant to the determination of venue under 28 U.S.C. § 1391(a).  See Mayflower Reply at 1.  Furthermore, Mayflower Transit notes that the Plaintiffs did

not serve it until after the case had been removed to federal court.  See Mayflower Reply at 2.

Mayflower Transit argues that the Plaintiffs' subsequent medical treatment is a not a "substantial

part of the events or omissions giving rise to the claim" for purposes of venue.  Mayflower Reply

at 2.

 3. **Clark Moving.**

 Clark Moving moves the Court to dismiss the Plaintiffs' Complaint against it for lack of

personal jurisdiction.  See Clark MTD at 1.  In the alternative, Clark Moving moves to dismiss the

Complaint for improper venue.  See Clark MTD at 1.  Clark Moving asserts that, because it was not

served in New Mexico, the Plaintiffs must establish that this Court has jurisdiction over Clark

Moving under New Mexico's long-arm statute and the Due Process Clause.  See Clark MTD at 3.

Clark Moving  argues that the Court does not have specific personal jurisdiction over it, because the

Plaintiffs have not alleged that Clark Moving purposefully directed any activities towards New

Mexico and because, even if Clark Moving did purposely avail itself of New Mexico, the Plaintiffs'

claims did not arise out of any activities in New Mexico.  See Clark MTD at 5.  Clark Moving also

"specifically denies that it, or its agent, was delivering cargo to or from New Mexico, or that it was

participating in a business transaction with a New Mexico resident at the time of the alleged incident

which gave rise to the Complaint."  Clark MTD at 6.  Clark Moving contends that the Court also

does not have general jurisdiction over it, because the Plaintiffs make no allegations that Clark's

contacts with New Mexico rise "to the stringent standard of continuous and systematic contacts."

Clark MTD at 6.  Clark Moving also denies that it has offices, facilities, or any other property in

New Mexico, or that it intentionally solicits New Mexico customers.  See Clark MTD at 7; Affidavit

of Richard C. Clark at 1-2 (executed November 21, 2011), filed December 14, 2011 (Doc. 27-

1)("Clark Aff.").  It further asserts that the Court's exercise of personal jurisdiction over it would

offend traditional notions of fair play and substantial justice, because: (i) defending the lawsuit in New Mexico would place a significant burden on Clark Moving; (ii) New Mexico has little interest in adjudicating a dispute arising out of Arizona; (iii) the Plaintiffs will not be precluded from obtaining fair and effective relief in another court; (iv) it may lead to piecemeal litigation; and (v) the Plaintiffs have alleged a cause of action arising under Arizona law.  See Clark MTD at 7-8. Clark Moving also alleges that the District of New Mexico is an improper venue.  See Clark MTD at 9.  With respect to venue, Clark Moving makes the same arguments as Mayflower Transit. See Clark MTD at 9-13.

On December 28, 2011, the Plaintiffs filed Plaintiff Larry Whiting's, Leroy Whiting's, & Lorenzo Garcia's Response to Defendant Clark Moving and Storage Inc.'s Motion to Dismiss. See Doc. 28 ("Clark Response").  With respect to venue, the Plaintiffs make substantially the same arguments as in the Mayflower Transit Response.  See Clark Moving Response at 2-3.  The Plaintiffs assert that Clark Moving "does not deny operating a motor vehicle upon the highways of this state and, as a shipping company, may regularly use the highways of New Mexico to transport the shipped contents in furtherance of its business."  Clark Moving Response at 4.  They argue that the accident occurred just over the border between New Mexico and Arizona, and that Clark Moving "would not have been involved in an accident with Plaintiffs had it not availed itself of the use of New Mexico highways and the protection of New Mexico's laws."  Clark Moving Response at 4. The Plaintiffs contend that, "by subjecting itself to jurisdiction in New Mexico through use of New Mexico highways, Defendant can 'reasonably anticipate being haled into court' in New Mexico." Clark Moving Response at 4 (citing World Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980)).  The Plaintiffs request that, if the Court finds no personal jurisdiction, the Court transfer the case to the District of Arizona.  See Clark Moving Response at 5.

On January 11, 2012, Clark Moving filed its Defendant Clark Moving and Storage, Inc.'s Reply in Support of Its Motion to Dismiss.  See Doc. 34 ("Clark Moving Reply").  Clark Moving argues that the "mere allegation that Defendant Hogan operated a motor vehicle on New Mexico's highways at some time before the accident in Arizona is insufficient to establish personal jurisdiction over Clark Moving pursuant to [the New Mexico long-arm statute]."  Clark Moving Reply at 2.  Clark Moving argues that N.M.S.A. 1978, § 38-1-16(A)(2) does not confer personal "jurisdiction over a foreign defendant when the allegations in the Plaintiffs' Complaint bear no relationship to the use of New Mexico highways."  Clark Moving Reply at 2.  It asserts that the Plaintiffs "must show that Defendant Hogan's use of the New Mexico highway is related to their Complaint."  Clark Moving Reply at 2.  It argues that, even though Hogan committed one of the acts enumerated within the act -- the operation of a motor vehicle upon New Mexico's highways, the Plaintiffs must show that Clark Moving had sufficient contacts with New Mexico to satisfy due process.  See Clark Moving Reply at 3.  Clark Moving contends that the Plaintiffs have made no showing that transfer is allowed under 28 U.S.C. §§ 1404 or 1406.  See Clark Moving Reply at 5. It asserts that, in their Response, the Plaintiffs made "an unsupported request" to transfer this matter to the District of Arizona, and argues that the Plaintiffs have not "made any showing to this Court that venue is proper in Arizona, or that any of the four named Defendants are subject to jurisdiction in Arizona."  Clark Moving Reply at 5.

### 4. **Hogan**.

On January 10, 2012, Hogan filed his motion to dismiss.  See Doc. 33.  Hogan requests that the Court dismiss the Complaint for lack of personal jurisdiction or, in the alternative, for improper venue.  See Hogan MTD at 1.  Hogan argues that, to establish personal jurisdiction, the Plaintiffs must demonstrate a connection between Hogan's contacts with New Mexico and their cause of

action.  See Hogan MTD at 1 (citing Zavala v. El Paso Cnty. Hosp. Dist., 143 N.M. 36, 172 P.3d 173 (Ct. App. 2007)).  He asserts that the "Plaintiffs do not state a single factual allegation that Mr. Hogan had any contacts with New Mexico."  Hogan MTD at 5.  He further asserts that the Complaint "does not arise out of any contact Mr. Hogan had with New Mexico."  Hogan MTD at 5.  Hogan also argues that the Complaint does not allege that Hogan's contacts rise to the stringent standard for general personal jurisdiction of systematic and continuous contacts.  See Hogan MTD at 6.  With respect to the traditional notions of fair play and substantial justice, Hogan makes the same arguments as Clark Moving in the Clark MTD.  See Hogan MTD at 7-8.  With respect to venue, Hogan makes substantially the same arguments as the other Defendants.  See Hogan MTD at 8-12.

On February 1, 2012, the Plaintiffs filed Plaintiff Larry Whiting's, Leroy Whiting's, & Lorenzo Garcia's Response to Defendant Dana A. Hogan's Motion to Dismiss.  See Doc. 37 ("Hogan Response").  With respect to venue, the Plaintiffs make substantially the same arguments as they made in the Mayflower Response and Clark Moving Response, and assert that venue was appropriate in New Mexico state court before the case was removed.  See Hogan Response at 2-4. With respect to personal jurisdiction, the Plaintiffs argue that "Hogan does not deny operating a motor vehicle upon the highways of this state and, as a long-haul truck driver, may regularly use the highways of New Mexico to transport the shipped contents in furtherance of the business for which he ships."  Hogan Response at 4.  They reiterate that Hogan would not have been involved in an accident with the Plaintiffs if he had not availed himself of New Mexico's highways.  See Hogan Response at 4.  The Plaintiffs contend that, because "Hogan is in the business of interstate transportation and in light of his amenability to the jurisdiction of the Arizona courts, finding personal jurisdiction in New Mexico would not 'offend traditional notions of fair play and

substantial justice.'"  Hogan Response at 5.  In the alternative, the Plaintiffs request that the Court

transfer the case to the District of Arizona.  See Hogan Response at 6.

On February 9, 2012, Hogan filed his Defendant Dana A. Hogan's Reply in Support of His

Motion to Dismiss.  See Doc. 39 ("Hogan Reply").  Hogan argues that the Plaintiffs did not timely

serve and file their Response, and that, pursuant to D.N.M.LR-Civ. 7.1(b), the Plaintiffs consent to

the Hogan MTD.  See Hogan Reply at 1.  Hogan asserts that the Hogan Response should have been

filed on January 24, 2012, or at the latest January 27, 2012, under rule 6(d), and that he, therefore,

filed his Notice of Completion of briefing on February 1, 2012 (Doc. 36).  See Hogan Reply at 2.

Hogan repeats the arguments from the Hogan MTD with respect to the lack of personal jurisdiction

and improper venue.  See Hogan Reply at 3-8.  Hogan also contends that the Plaintiffs have made

no showing that transfer is permitted under 28 U.S.C. §§ 1404 or 1406.  See Hogan Reply at 8.

Hogan emphasizes that he "has not and does not concede that [he] is subject to personal jurisdiction

in Arizona, nor has this issue been properly brought before this Court."  Hogan Reply at 8.

The Court held a hearing on February 14, 2012.  Mayflower Transit argued its motion to

dismiss first.  Mayflower Transit contended that it brought a motion to dismiss pursuant to rule

12(b)(3) -- improper venue.  See Transcript of Hearing at 3:5-7 (February 14,

2012)(Winters)("Tr.").[1]  It asserted that, although venue was proper in state court under New

Mexico's venue statute, venue is not proper under 28 U.S.C. § 1391, which governs federal courts.

See Tr. at 3:8-17 (Winters).  Mayflower Transit agreed that it was conceding that the Court has

personal jurisdiction over it, because it conducts business in all fifty states.  See Tr. at 3:18-25

(Court, Winters).  Mayflower Transit also agreed that, if the Court does not have jurisdiction over

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Hogan and Clark Moving, Arizona is the best place to resolve the dispute, because a substantial part of the events that form the basis of the Complaint took place there.  See Tr. at 4:1-14 (Court, Winters).   When the Court asked if any other venue would have jurisdiction over the case, Mayflower Transit responded that it did not believe so.  See Tr. at 4:17-24 (Court, Winters).  Mayflower Transit asserted that, if the Court does not grant the Mayflower MTD, but grants the other motions to dismiss, there is the potential for litigation in multiple courts on the same issues.  See Tr. at 5:6-14 (Winters).  Mayflower Transit agreed that it was affiliated with Clark Moving and that Clark Moving used its trucks.  See Tr. at 9:9-19 (Court, Winters).  Mayflower Transit also stated that it would imagine that Arizona has jurisdiction over this case, because the accident occurred there.  See Tr. at 9:20-10:6 (Court, Winters).

        The Plaintiffs asserted that, if the Court found that it did not have personal jurisdiction over Hogan and Clark Moving, they would prefer that the Court transfer the case to the District of Arizona.  See Tr. at 6:1-9 (Court, Eden).   The Plaintiffs asserted that they prefer that the Court transfer the case, rather than dismiss it, because the Defendants have all been served and are all on notice of the lawsuit.  See Tr. at 6:12-17 (Eden).  The Court asked whether it had the authority to transfer the case to the District of Arizona when it lacks personal jurisdiction over two defendants.  See Tr. at 6:24-7:4 (Court).  The Plaintiffs responded that they had found a case from the United States District Court for the District of Kansas, the United States District Court for the Southern District of New York, and the United States District Court for the District of Nevada, Reed v. Brown, 623 F.Supp.2d 342 (D. Nev. 1985), that suggested that the Court could transfer the case despite lacking personal jurisdiction over some of the Defendants.  See Tr. at 7:5-22 (Eden).  The Plaintiffs admitted that they wanted the case to remain in the District of New Mexico, because they are citizens of New Mexico.  See Tr. at 7:23-25 (Court, Eden).  The Plaintiffs stated that they were

also concerned about the 100-mile rule for subpoenaing witnesses, but asserted that most of the witnesses that they want at trial will be friendly witnesses.  See Tr. at 8:1-16 (Court, Eden).  They represented that Mayflower Transit owns the truck involved in the accident out of which their claims arise.  See Tr. at 8:17-21 (Court, Eden).

Clark Moving then argued that the Plaintiffs' Complaint is premised on conduct arising out of an accident in Arizona and that Clark Moving has not purposefully directed any activities towards New Mexico.  See Tr. at 10:13-11:3 (Winters).  Clark Moving asserted that, under the New Mexico long-arm statute and the due-process analysis, New Mexico did not have personal jurisdiction over it, because the Arizona accident did not arise out of contacts with New Mexico and the accident did not occur in New Mexico.  See Tr. 11:4-22 (Winters).  It contended that, although Hogan may have driven through New Mexico, that act is too attenuated to the accident.  See Tr. at 11:22-12:4 (Winters).  It represented that its venue arguments would be similar to Mayflower's.  See Tr. at 12:5-8 (Winters).  The Court then asked Clark Moving whether the Court has the authority to transfer the case if it does not have personal jurisdiction over a defendant.  See Tr. at 12:11-14 (Court).  Clark Moving responded that it believes that the Court has that authority under 28 U.S.C. §§ 1404 and 1406.  See Tr. at 12:15-23 (Winters).

The Plaintiffs admitted that they do not have any other evidence connecting Clark Moving or Hogan to New Mexico.  See Tr. at 13:1-10 (Court, Eden).  They then conceded that the Court does not have specific or general personal jurisdiction over any party except Mayflower.  See Tr. at 13:11-14:2 (Court, Eden).  The Plaintiffs agreed that the best solution would be to transfer the case, and argued that the place of the harm dictates that Arizona would have jurisdiction over Hogan and Clark.  See Tr. at 14:3-8 (Court, Eden).  They contended that Clark Moving admitted that it directed its activities to Arizona and also presumed that Mayflower Transit operates in Arizona.

-14-

<u>See</u> Tr. at 14:8-17 (Court, Eden).  The Plaintiffs agreed that Arizona likely had jurisdiction over three of the Defendants.  <u>See</u> Tr. at 14:18-21 (Court, Eden).  They also represented that the only reason they raised the New Mexico venue statute in the briefing was to show that they had a colorable claim for venue.  <u>See</u> Tr. at 14:23-15:4 (Court, Eden).  The Plaintiffs agreed that they were conceding the three motions with respect to Mayflower Transit, Hogan, and Clark Moving.  <u>See</u> Tr. at 15:7-17 (Court, Winters, Eden).

The Court then asked whether the Court could transfer the case against Hanover Insurance as well and whether the District of Arizona would have jurisdiction over it.  <u>See</u> Tr. at 15:18-23 (Court).  Hanover Insurance argued that the MFRA provides the basis for joining Hanover Insurance and that it does not appear that the Plaintiffs can bring a direct action against Hanover Insurance. <u>See</u> Tr. at 15:24-16:4 (Winters).  Hanover Insurance stated that, under that premise, it would contend that Arizona does not have jurisdiction over it, and that no case law in New Mexico or Arizona would allow an insurer to be joined where there is no direct claim against it.  <u>See</u> Tr. at 16:5-11 (Winters).  Hanover Insurance stated that it was within the Court's discretion whether to transfer or dismiss the claims against Mayflower, Clark Moving, and Hogan, but that the Court should dismiss without prejudice the claims against it.  <u>See</u> Tr. at 16:15-21 (Winters).  Hanover Insurance also stated that, if there is a statute or caselaw that would permit its joinder in Arizona, the Plaintiffs were free to address that then.  <u>See</u> Tr. at 16:22-17:1 (Winters).  The Plaintiffs stated that they would be willing to have Hanover Insurance dismissed for the purposes of transferring the case against the other Defendants.  <u>See</u> Tr. at 17:16-21 (Eden).  The Plaintiffs asserted that they would prefer that the Court dismiss only Hanover Insurance and that the Court transfer the case against the rest of the Defendants to the District of Arizona.  <u>See</u> Tr. at 17:22-18:13 (Court, Eden).  With respect to the choice between transfer or dismissal, Mayflower Transit, Hogan, and Clark Moving argued that,

under 28 U.S.C. § 1406, when a district court finds venue improper it shall dismiss the action or, if it is in the interests of justice, transfer the case.  See Tr. at 18:21-24 (Winters).  Those Defendants asserted that there are no statute of limitations issues and, although they conceded there likely were not any jurisdictional issues, were concerned about their ability to make such arguments if the Court transfers the case.  See Tr. at 18:25-19:14 (Winters).

## LAW REGARDING PERSONAL JURISDICTION

"Before a federal court can assert personal jurisdiction over a defendant . . .  the court must determine (1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service of process on the defendant and (2) 'whether the exercise of jurisdiction comports with due process.'"  Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000)(quoting Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 942 (11th Cir. 1997)).  If a court determines that personal jurisdiction is lacking for some or all of the defendants, the court may then dismiss the claims without prejudice on jurisdictional grounds.  See Posner v. Essex Ins. Co., 178 F.3d 1209, 1221 (11th Cir. 1999).  Dismissing the case for lack of personal jurisdiction, therefore, acts as res judicata in courts subject to the same jurisdictional limits, but does not preclude litigation of the merits in a court with jurisdiction.  See Posner v. Essex Ins. Co., 178 F.3d at 1221.  "The plaintiff bears the burden of establishing personal jurisdiction over the defendant."  Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984).  See Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).

1.     **New Mexico's Long-Arm Statute.**

New Mexico's long-arm statute provides:

A.     Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of

the courts of this state as to any cause of action arising from:

(1) the transaction of any business within this state;

(2) the operation of a motor vehicle upon the highways of the state;

(3) the commission of a tortious act within this state;

. . . .

C.   Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

N.M.S.A. 1978, § 38-1-16.  The New Mexico long-arm statute is coextensive with constitutional limitations that the due-process clause imposes.  See Tercero v. Roman Catholic Diocese, 132 N.M. 312, 316, 48 P.3d 50, 54 (2002).  Thus, if jurisdiction is consistent with the due-process clause, then New Mexico's long-arm statute authorizes jurisdiction over a nonresident defendant.  See Tercero v. Roman Catholic Diocese, 132 N.M. at 316, 48 P.3d at 54.

New Mexico may have jurisdiction over a defendant who "transacts business" in New Mexico within the meaning of N.M.S.A. 1978, § 38-1-16A(1).  In Monks Own, Ltd. v. Monastery of Christ in Desert, 142 N.M. 549, 168 P.3d 121 (2007), the Supreme Court of New Mexico explained that "[t]ransaction of any business . . . is defined as doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or doing a single act for such purpose with the intention of thereby initiating a series of such acts."  142 N.M. at 556, 168 P.3d at 128 (internal quotation marks omitted).  The court must look to the facts of each case to determine if the transaction of business category is met.  See Monks Own, Ltd. v. Monastery of Christy in Desert, 142 N.M. at 556, 168 P.3d at 128.  Even if a plaintiff receives correspondence or a call from the defendant, this contact may be insufficient to constitute transacting business and to satisfy due-process requirements as a matter of New Mexico law.  See Diamond A Cattle Co. v.

-17-

Broadbent, 84 N.M. 469, 471, 505 P.2d 64, 66 (1973)(holding that, where defendant mailed three payments into the state, there was barely any transaction of business, if any at all, and there were not the requisite minimum contacts to satisfy due-process requirements); Coyazo-Hernandez v. Davis & Feder, Nos. 04-1207, 04-1208, 2005 WL 2296403, at *14 (D.N.M. Aug. 17, 2005)(Browning, J.); Fox v. Fox, 103 N.M. 155, 156-57, 703 P.2d 932, 933-34 (Ct. App. 1985)(holding that the sole activity of supporting minor children within the state did not fall within any provision of the long-arm statute, nor did it constitute minimum contacts sufficient to subject nonresident parent to the jurisdiction of New Mexico courts).

To satisfy the requirements of the New Mexico long-arm statute, the court must use a three-prong test: (i) did the defendant commit an act or omission set forth in N.M.S.A. 1978, §38-1-16; (ii) does the plaintiff's cause of action arise out of the alleged acts or omissions; and (iii) does the defendant have sufficient minimum contacts with New Mexico to satisfy due-process concerns. See Tercero v. Roman Catholic Diocese, 132 N.M. at 316, 48 P.3d at 54. New Mexico decisions have consistently recognized that New Mexico courts may exercise personal jurisdiction over a nonresident defendant only if sufficient minimum contacts exist between the defendant and the forum state, meaning "the degree to which [the] defendant purposefully initiated activity within the State." Sanchez v. Church of Scientology of Orange Cnty., 115 N.M. 660, 664, 857 P.2d 771, 775 (1993)(internal quotation marks omitted). "The purposeful activity requirement assumes that a defendant will not be subject to jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Sanchez v. Church of Scientology of Orange Cnty., 115 N.M. at 664, 857 P.2d 775. "New Mexico has extended the reach of its long-arm statute to the limits of due process." Jemez Agency, Inc. v. CIGNA Corp., 866 F.Supp. 1340, 1342 (D.N.M. 1994)(citing United Nuclear Corp. v. Gen. Atomic Corp., 91 N.M. 41, 42, 570 P.2d 305, 306 (1977)).

### 2.      General and Specific Jurisdiction.

Depending on the character and extent of a defendant's contacts, a court may exercise

specific or general personal jurisdiction.   See Helicopteros Nacionales de Columbia, S.A. v. Hall,

466 U.S. 408, 414 (1984).

> General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and does not require that the claim be related to those contacts.  Specific jurisdiction, on the other hand, is premised on something of a quid pro quo: in exchange for "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.

Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d at 1078 n.4.  Thus, "[s]uch contacts may

give rise to personal jurisdiction over a non-resident defendant either generally, for any lawsuit, or

specifically, solely for lawsuits arising out of particular forum-related activities."   Shrader v.

Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011).

### 3.      Due Process and Personal Jurisdiction.

> The due process analysis is also two-fold:  First, [the defendant] must have "minimum contacts" with the forum state, demonstrating that he "purposefully availed" himself of the protections or benefits of the state's laws and "should reasonably anticipate being haled into court there."   Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-76 . . . (1985); see also Emp'rs Mut. Cas. Co., 618 F.3d at 1159-60 (reiterating the Burger King standard).  Although agreements alone are likely to be insufficient to establish minimum contacts, "'parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for the consequences of their activities.'"   TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd., 488 F.3d 1282, 1287–88 (10th Cir. 2007) (quoting Burger King, 471 U.S. at 473, 478 . . . .

Marcus Food Co. v. DiPanfilo, No. 10-3285, 2011 WL 5084997, at *4 (10th Cir. 2011).

> A defendant may reasonably anticipate being subject to suit in the forum state "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 . . . (1985) (internal citation omitted); see also Hanson v. Denckla, 357 U.S. 235, 253 . . . (1958) ( "[I]t is

> essential in each case that there be some act by which the defendant purposefully
> avails itself of the privilege of conducting activities within the forum State.").

TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd., 488 F.3d at 1287–88.  Thus, to establish specific

personal jurisdiction that satisfies due process, a plaintiff must present evidence of  "three salient

factors that together indicate 'purposeful direction': (a) an intentional action . . . that was

(b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be

felt in the forum state."  Shrader v. Biddinger, 633 F.3d at 1239-40 (internal quotation marks

omitted).  The Supreme Court of the United States has held, however, that the mere foreseeability

of harm occurring in a particular forum will not support a finding of minimum contacts.  See World-

Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980)(holding that, although "an

automobile is mobile by its very design and purpose," thus indicating that it is foreseeable that a

particular automobile may cause injury in a forum state, "'foreseeability' alone has never been a

sufficient benchmark for personal jurisdiction under the Due Process Clause").  "[T]he foreseeability

that is critical to due process analysis is not the mere likelihood that a product will find its way into

the forum State.  Rather, it is that the defendant's conduct and connection with the forum State are

such that he should reasonably anticipate being haled into court there."  World-Wide Volkswagen

Corp. v. Woodson, 444 U.S. at 297.  As the United States Court of Appeals for the Tenth Circuit has

further explained, because "mere foreseeability" is not sufficient to establish minimum contacts, a

plaintiff "must establish . . .  not only that defendants foresaw (or knew) that the effects of their

conduct would be felt in the forum state, but also that defendants undertook intentional actions that

were expressly aimed at that forum state."  Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514

F.3d at 1077.

Similarly, to find general jurisdiction over a defendant, contacts must be "continuous and

systematic" -- therefore, "[s]imply because a defendant has a contractual relationship and business dealings with a person or entity in the forum state does not subject him to general jurisdiction there;" "correspondence with a forum resident does not support general jurisdiction;" and "sporadic or isolated visits to the forum state will not subject the defendant to general jurisdiction," because a "[defendant's] lack of a regular place of business in [the forum state] is significant, and is not overcome by a few visits." Shrader v. Biddinger, 633 F.3d at 1247. "[G]eneral jurisdiction over a web site that has no intrinsic connection with a forum state requires commercial activity carried on with forum residents in such a sustained manner that it is tantamount to actual physical presence within the state." 633 F.3d at 1246. When analyzing minimum contacts sufficient for general jurisdiction in regard to the operation of a web site, the Tenth Circuit has referred to, without adopting, a "sliding scale" framework. 633 F.3d at 1242 n.5.

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

633 F.3d 1242 n.5 (internal quotation marks omitted).
.

> If [the defendant] is found to have the requisite minimum contacts with [the forum state], then we proceed to the second step in the due process analysis: ensuring that the exercise of jurisdiction over him "does not offend 'traditional notions of fair play and substantial justice.'" See World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 . . . (1980) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 . . . (1945)). [The defendant] bears the burden at this stage to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." See Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063,

1080 (10th Cir. 2008). We consider the following five factors, . . . in deciding whether the exercise of jurisdiction would be fair:

> (1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states or foreign nations in furthering fundamental social policies.

Id. (brackets omitted); see also OMI Holdings, Inc., 149 F.3d at 1095 (applying these factors in a case involving a Canadian corporation). "[T]he reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." TH Agric. & Nutrition, LLC, 488 F.3d at 1292 (internal quotation marks and brackets omitted).

Marcus Food Co. v. DiPanfilo, 2011 WL 5084997, *4-*5.

## LAW REGARDING VENUE

Venue is defined as the appropriate district court in which to file an action. See NLRB v. Line, 50 F.3d 311, 314 (5th Cir. 1995). The purpose of venue is to assure that lawsuits are filed in appropriately convenient courts for the matters raised and for the parties involved in the action. See Leroy v. Great W. United Corp., 443 U.S. 173, 185 (1979). Venue should not be confused with subject-matter jurisdiction, see Wachovia Bank v. Schmidt, 546 U.S. 303, 315-16 (2006), or with personal jurisdiction, see Leroy v. Great W. United Corp., 443 U.S. 173, 185 (1979) ("The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum."); 14D C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3801, at 2-3 (2007). Any rights conferred by the federal venue statutes are waivable, and they implicate no constitutional rights. See Leroy v. Great W. United Corp., 443 U.S. 173, 183-87 (1979). "To the extent that they are relevant, the laws relating to venue give added protection to defendants beyond

those that are provided by the statutory and constitutional prerequisites of personal jurisdiction."

14D C. Wright, A. Miller & E. Cooper, supra § 3801, at 15.

> 28 U.S.C. § 1391(a) governs venue for cases founded only on diversity of citizenship: A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,  or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  Section 1391(a)(3) is a "fall-back provision" used where "venue will be unavailable under § 1391(a)(1)." Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005) (citations omitted). The Tenth Circuit has noted:

> There have been . . . occasional gaps in the venue laws, i.e., cases in which the federal courts have jurisdiction but there is no district in which venue is proper.  One such gap arose in connection with cases involving multiple plaintiffs and defendants.  Venue was fixed at the residence of the defendant . . . . When there were multiple . . . defendants, the district of residence for venue purposes was the districts where . . . all the defendants reside.  If they resided in different districts then there was no proper venue.  In 1966 Congress acted to close the gap with a provision authorizing suit where 'the claim arose,' which in most cases provides a proper venue even in multiple-party situations.  The development supports the view that Congress does not in general intend to create venue gaps, which take away with one hand what Congress has given by way of jurisdictional grant with the other.  Thus, in construing venue statutes it is reasonable to prefer the construction that avoids leaving such a gap.

Monument Builders v. Am. Cemetery Ass'n, 891 F.2d 1473, 1479 (10th Cir. 1989)(quoting Brunette Mac. Works, Ltd. v. Kockum Indus., Inc., 406 U.S. 706, 710 n. 8 (1972)).  The current venue statutes were enacted to prevent this situation, especially in multi-party situations.  See Monument Builders v. Am. Cemetery Ass'n, 891 F.2d at 1479.

The proper venue for a matter under 28 U.S.C. § 1391(a)(2) can be in any district "in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C.

§1391(a)(2).  See Monument Builders v. Am. Cemetery Ass'n, 891 F.2d at 1478-79 (holding that venue was proper in two different districts, because the locus of the events or omissions giving rise to the claim of illegal conduct adversely impacting consumer welfare was within the relevant market that happened to be divided by the Kansas/Missouri state line); Anaeme v. Florida, 169 F.App'x 524, 528 (10th Cir. 2006)(unpublished)(holding that venue was not appropriate in the District of New Mexico, where the alleged events giving rise to the claims occurred in Florida).   The substantiality requirement of 28 U.S.C. 1391(a)(2) "is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." Fodor v. Hartman, No. 05-CV-02539, 2006 WL 1488894 at *4 (D. Colo. May 30, 2006)(Figa, J.)(holding that plaintiff's averments that the defendant may have made telephone calls to him in Colorado, or sent him mailings or email relating to unspecified business matters were not substantial, because the court was unable to determine if "these are acts or omissions that give rise to plaintiff's claims, or are merely tangential contacts").  See Tillotson v. City of El Paso, No. 09-0963, 2010 WL 597993, at *3 (D.N.M. Jan. 29, 2010)(Browning, J.)("Because the vast majority of events giving rise to the arrest occurred in El Paso, because Tillotson resides in El Paso, and because, based on counsel's representations, all of the public officers reside in El Paso, the Court agrees that venue is improper"); Myelle v. Am. Cyanamid Co., Nos. 92-5243, 92-6136, 93-323, 1993 WL 93422 at *6 (E.D. Pa. Apr. 1, 1993)(Vanartsdalen, J.)(holding that venue was improper in Pennsylvania where the "substantial part of the events giving rise to the claims alleged herein occurred in South Carolina" and those events "ensuing relevant evidence therefrom, irrefutably constitute the crux of plaintiffs claims").

## LAW REGARDING TRANSFER OF VENUE

In 1948, Congress enacted the federal change-of-venue statute, codified at 28 U.S.C. § 1404,

to allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district.  That statute provides, in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Section 1404(a) affords a district court broad discretion to adjudicate motions to transfer based on a case-by-case review of convenience and fairness.  See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991).  "Recognizing that what is convenient for one litigant may not be convenient for the other, the Supreme Court has taught that section 1404(a) 'is intended to place discretion in the district court to adjudicate motions for transfer according to [a] . . . case-by-case consideration of convenience and fairness.'"  Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 977 (7th Cir. 2010)(quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  "The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice."  Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d at 977.  The statute permits a "flexible and individualized analysis," and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. at 29.

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d at 1516 (internal quotation marks

omitted).  See Tex. Gulf Sulfur v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)(stating the factors that courts consider in making a venue determination under § 1404(a)).

28 U.S.C. § 1406 permits transfer to cure a venue defect.  It provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406.  Although both § 1404(a) and § 1406(a) "were broadly designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid."  Van Dusen v. Barrack, 376 U.S. 612, 634 (1964).  28 U.S.C. § 1631 addresses transfer to cure want of jurisdiction and provides that when a

> court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action could have been brought at the time it was filed or noticed, and the action shall proceed as if it had been filed in or noticed for the court to which it was transferred on the date upon which it was actually filed in or noticed for the court from which it was transferred.

28 U.S.C. § 1631.  The Tenth Circuit has held that 28 U.S.C. § 1631 was "specifically designed for cases transferred from one federal court to another for lack of jurisdiction," and that it "served to simplify the process and streamline its application."  Ross v. Colo. Outward Bound Sch., Inc., 822 F.2d 1524, 1527 (10th Cir. 1987).  It has held that, although many courts have interpreted § 1406(a) to permit transfer where personal jurisdiction is lacking, the enactment of § 1631 makes such a "strained" construction "no longer necessary."  Viernow v. Euripedes Devel. Corp., 157 F.3d 785, 793 (10th Cir. 1998).

The "interest of justice" is a separate element of the transfer analysis that relates to the court system's efficient administration.  Van Dusen v. Barrack, 376 U.S. at 626-27.  "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and

-26-

potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d at 977 (citations omitted). In some circumstances, "[t]he interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d at 977 (citing Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220-21 (7th Cir. 1986)). The Tenth Circuit has interpreted the phrase -- "if it is in the interest of justice" -- to grant a district court discretion in making the decision to transfer the action. See Driggers v. Clark, 422 F.App'x 749-50 (10th Cir. 2011)(unpublished)(citing Trujillo v. Williams, 465 F.3d 1210, 1222(10th Cir. 2006)).

## ANALYSIS

The Court finds that the District of New Mexico is an improper venue, and that the Court lacks personal jurisdiction over Clark Moving and Hogan. The Court also determines that the Plaintiffs failed to state a claim upon which relief can be granted against Hanover Insurance. The Court will dismiss Hanover Insurance from the case, and transfer the remaining action and claims to the District of Arizona.

## I.   THE COURT LACKS PERSONAL JURISDICTION OVER CLARK MOVING AND HOGAN.

The Court lacks personal jurisdiction over Clark Moving and Hogan. The Plaintiffs admitted that it did not have any evidence connecting Clark Moving or Hogan to New Mexico, see Tr. at 13:1-10 (Court, Eden), other than that they might have traveled through New Mexico to get to Arizona, see Clark Moving Response at 4. They then conceded that the Court does not have specific or general personal jurisdiction over either party. See Tr. at 13:11-14:2 (Court, Eden). Because no

actions in or directed towards New Mexico gave rise to the Plaintiffs' claims, the Court lacks specific personal jurisdiction over Clark Moving and Hogan.  See Walker v. THI of N.M. at Hobbs Ctr., 801 F.Supp.2d 1128, 1138 n.7 (D.N.M. 2011)(Browning, J.)(quoting OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1091 (10th Cir. 1998))("The minimum contacts necessary for specific personal jurisdiction are established 'if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.").  The Plaintiffs have not alleged that Clark Moving or Hogan have continuous and systematic contacts with New Mexico to justify general personal jurisdiction. Furthermore, Clark Moving and Hogan specifically deny that they have continuous and systematic contacts with New Mexico.  See Clark Aff. at 1-2; Affidavit of Dana A. Hogan at 1-2 (executed January 2012), filed January 10, 2012 (Doc. 33-1).   Accordingly, the Court lacks personal jurisdiction over Clark Moving and Hogan.

## II.   **THE DISTRICT OF NEW MEXICO IS AN IMPROPER VENUE.**

The District of New Mexico is an improper venue for this case.  The Plaintiffs conceded that this District was not a proper venue at the hearing.  See Tr. at 15:7-17 (Court, Winters, Eden). Venue in a judicial district may be proper if one of three requirements is met: (i) it is a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (ii) it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (iii) if there is no other district in which the action may be brought, any judicial district in which any defendant is subject to personal jurisdiction.  See 28 U.S.C. § 1391(b).  The Defendants here are residents of different states.  The Plaintiffs allege that Mayflower is a resident of Missouri, Clark Moving is a resident of New York, and Hogan is a resident of Florida.  See Complaint ¶¶ 4-6, at 1-2.  Hanover Insurance is a resident of Delaware and

Massachusetts.[2]  See Notice of Removal at 1.  Accordingly, the District of New Mexico is not a proper venue under § 1391(b)(1), because no defendant is a resident of New Mexico.  The District of New Mexico is also not a judicial district in which a substantial portion of the events giving rise to the Plaintiffs' claims occurred, because the accident did not take place in New Mexico. See Complaint ¶ 10, at 3 ("That acts complained of herein occurred within the County of Navajo, State of Arizona.").  Under this prong, the Court must determine "whether the forum activities played a substantial role in the circumstances leading up to the plaintiff's claim."  Crowe & Dunleavy, P.C. v. Stidham, 609 F.Supp.2d 1211, 1221 (N.D. Okla. 2009)(citing Multi-Media Int'l, LLC v. Promag Retail Serv., 343 F.Supp.2d 1024, 1033 (D. Kan. 2004)).  Although the Plaintiffs assert -- in their Mayflower Response, Clark Response, and Hogan Response -- that they incurred medical expenses in New Mexico, medical expenses are the damages suffered and do not constitute a substantial part of the events giving rise to the claim.  See Hanyuan Dong v. Garcia, 553 F.Supp.2d 962, 965 (N.D. Ill. 2008)("The fact that [the plaintiff] alleges to have suffered from his injuries after returning to Illinois does not constitute 'a substantial part of the events or omissions giving rise to the claim.'").  The events giving rise to the claim -- the negligence and the accident -- occurred in Arizona, which the Plaintiffs concede in their Complaint.  See Complaint ¶ 10, at 3 ("The acts complained of herein occurred within the County of Navajo, State of Arizona.").  See also Tillotson v. City of El Paso, 2010 WL 597993, at *4 ("Almost every even described in the Amended Complaint occurred in El Paso . . . . [T]he Court finds that the only district in which a substantial part of the events or omissions giving rise to the claims occurred is the Western District of Texas").

---

[2]Although Hanover Insurance is a resident of Delaware and Massachusetts, it does business in all fifty states and has a registered agent for service of process in Santa Fe, New Mexico. See Complaint ¶ 8, at 2.

Finally, because the District of Arizona would be a proper venue under §1391(b)(2), this case does not fall within § 1391(b)(3)'s catch-all provision.  Accordingly, because the Plaintiffs conceded that venue is improper, see Tr. at 15:7-17 (Court, Winters, Eden), and none of the § 1391(b) provisions appear to establish venue in New Mexico, the Court finds that the District of New Mexico is not a proper venue.

## III.    THE PLAINTIFFS FAIL TO STATE A CLAIM AGAINST HANOVER INSURANCE.

Now that the Court has decided that it does not have personal jurisdiction over Clark Moving and Hogan, and that New Mexico is not a proper venue, the issue is whether it should dismiss the case against the Defendants or transfer the case.  In reaching that decision, the Court must determine whether the case against Hanover Insurance, which is partially brought under New Mexico states a claim upon which relief can be granted.  Because this Court concludes that there is no cause of action under New Mexico or Arizona law, the Court determines that it should dismiss Hanover Insurance, which helps make the transfer decision clearer.

Hanover Insurance argues that the Court should dismiss the case against it, because neither MFRA nor A.R.S. § 28-4033 permit its joinder, and because there are no direct claims against it. See Hanover MTD at 3-5; Hanover Reply at 6.  The Plaintiffs assert that Hanover Insurance's remedy "for being named in a lawsuit is not dismissal, despite having argued that it is not a proper party," and that the proper remedy under New Mexico law is "to bifurcate the insurer and stay discovery against it unless and until such time as any claims may arise that directly implicate [it]." See Hanover Response at 5.[3]

_____

[3]Although the Plaintiffs assert that an insurer should be separately dealt with and that discovery should be stayed until claims are established against it, the Plaintiffs cite no authority for this proposition.  See Hanover Response at 5.  The Plaintiffs mention "Hovet claims" referring to Hovet v. Allstate Ins. Co., 135 N.M. 397, 89 P.3d 69 (2004).  Hanover Response at 5.  In Hovet v.

The Complaint asserts that "[b]y force of legislative enactment, the Financial Responsibility Act of New Mexico and/or Arizona (A.R.S. § 28-4033) inures to the benefit of the public and no language within said Act precludes joinder of Defendant Hanover Insurance Co. to this suit." Complaint ¶ 9, at 2-3.[4]  The New Mexico Legislature states that the MFRA is intended to "require

<hr />

Allstate Ins. Co., the Supreme Court of New Mexico found that N.M.S.A. 1978, § 59A-16-20, prohibits insurance companies from engaging in certain unfair practice and that a victim of an automobile accident has a direct right of action against the insured's automobile liability company, when the insurer fails to make good-faith efforts to settle a liability claim. See 135 N.M. at 399, 89 F.3d at 71. It held that in the context of "statutorily mandated automobile liability insurance, . . . the Legislature intended to provide a statutory cause of action under the Insurance Code to third-party claimants." Hovet v. Allstate Ins. Co., 135 N.M. at 400, 89 P.3d at 72. Additionally, in Hovet v. Allstate Ins. Co., the Supreme Court of New Mexico mentions that the district court bifurcated the claims against Allstate Insurance Company from the underlying negligence action. See 135 N.M. at 71, 89 P.3d at 71. While bifurcation may be the correct procedure for Hovet v. Allstate Ins. Co. claims, the Plaintiffs have not yet alleged any such claims and have not established that the MFRA applies.

[4]A.R.S. § 28-4033 provides:

A person subject to the requirements fo this article shall maintain motor vehicle combined single limit liability insurance as follows:

    1.    For the transportation of nonhazardous property:

        (a)    For a vehicle with a gross vehicle weight of more than twenty-six thousand pounds, minimum coverage in the amount of seven hundred fifty thousand dollars.

        (b)    For a vehicle with a gross vehicle weight of twenty thousand one pounds to twenty-six thousand pounds, minimum coverage in the amount of three hundred thousand dollars.

    2.    For the transportation of passengers

. . .

    3.    For the transportation of hazardous materials, hazardous substances or hazardous wastes

. . . .

residents of New Mexico who own and operate motor vehicles upon the highways of the state either to have the ability to respond in damages to accidents arising out of the use and operation of a motor vehicle or to obtain a motor vehicle insurance policy." N.M.S.A. 1978, § 66-5-201.1. The MFRA's plain language, however, confines its application to New Mexico residents that operate vehicles on New Mexico's highways. See N.M.S.A. 1978, § 66-5-201.1; Jolley v. Assoc. Elec. & Gas Ins. Servs. Ltd. (AEGIS), 148 N.M. 436, 440, 237 P.3d 738, 742 (2010)("Owners or operators of automobiles in New Mexico are required to pay MFRA premiums, not so much for their own protection, but for the protection of third parties.")(emphasis added). The Court of Appeals of New Mexico has held that the MFRA was "primarily adopted in response to the legislative concern about 'motor vehicles accidents in the state of New Mexico' and that its provisions apply to owners and operators of motor vehicles within New Mexico." Dominguez v. Dairyland Ins. Co., 123 N.M. 448, 450, 942 P.2d 191, 193 (Ct. App. 1997)(emphasis added). The Plaintiffs have not argued or cited any contrary authority that the MFRA applies to an out-of-state driver, such as Hogan, or to an accident outside of New Mexico.[5] Accordingly, the Court finds, based on the statute's plain language, that the MFRA does not apply to Hanover Insurance.

The Court next looks at A.R.S. § 28-4033 which provides that "a person subject to the requirements of this article shall maintain motor vehicle combined single limit liability" for specific

_____

[5]The Court should not decide a constitutional issue that is not necessary for its decision. See e.g., McConnell v. Fed. Election Comm'n, 540 U.S. 93, 280 n.12 (2003); United States v. Yazzie, No. 10-2460, 2012 WL 119831, at *3 (D.N.M. Jan. 9, 2012)(Browning, J.). The Court notes, however, that New Mexico's authority to exercise jurisdiction over nonresidents and accidents in other states might raise some constitutional issues. See Guidance Endodontics Dentsply Int'l, Inc., 663 F.Supp.2d 1138, 1153-54 (D.N.M. 2009)(Browning, J.). The Court need not address this constitutional issue, however, because there is no indication that New Mexico is attempting to apply the MFRA to nonresidents or to accidents occurring in other states.

categories of motor vehicles.  A.R.S. § 28-4033.  A.R.S. § 4032 defines a person subject to the financial responsibility requirements as: (i) a person who operates a motor vehicle weighing more than 20,000 pounds in furtherance of "a commercial enterprise in this state"; (ii) a person who operates a motor vehicle or vehicle combination for the purposes of transporting hazardous materials, substances or wastes; (iii) a person who operates a bus used to transport passengers for hire; and (iv) a person who owns a taxi, livery vehicle, or limousine used to transport passengers for hire.  A.R.S. § 28-4032 (emphasis added).  Because Hogan does not appear to qualify as a "person" within the statute, the Court finds that A.R.S. § 28-4033 does not apply.  Furthermore, the Court could find no cases interpreting Arizona's Motor Carrier Responsibility Act as providing plaintiffs with a direct cause of action against an insurer, and the Plaintiffs cited none.  At the hearing, the Plaintiffs only argued that there is no case law that prevents joinder of an insurance company.  See Tr. at 17:12-14 (Eden).  To survive a motion to dismiss, a claim must be plausible.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Here, there is no authority that Arizona provides a direct cause of action against an insurer through its financial responsibility act in the same way as New Mexico and the Court could find none.  Additionally, neither Clark Moving nor Hogan appear to qualify as a person to whom the Motor Carrier Responsibility Act applies.   Accordingly, because MFRA and the Motor Carrier Responsibility Act do not permit the Plaintiffs to join Hanover Insurance as a defendant when claims are asserted against one of its insured, the Plaintiffs have no causes of action against Hanover Insurance under those statutes.

None of the Counts in the Complaint name Hanover Insurance or assert that it caused any of the Plaintiffs' injuries.  See Complaint at 6-13.  The Complaint only alleges that: (i) Hanover Insurance is a foreign corporation doing business in Arizona and New Mexico, and with a registered

agent for service of process in Santa Fe, New Mexico; (ii) Hogan, Clark Moving, and/or Mayflower Transit procured an insurance policy from Hanover Insurance; and (iii) the MFRA and/or A.R.S. § 28-4033 permit the Plaintiffs to join Hanover Insurance as a defendant.  See Complaint ¶¶ 8-9, at 2-3.  Where a plaintiff has asserted no causes of action against a named defendant, that party may be terminated as a defendant.  See R.B. ex rel. Parent v. Mastery Charter Sch., 762 F.Supp.2d 745, 754 (E.D. Pa. 2010)("Because the complaint makes no claims against the School District, its Motion to Dismiss for failure to state a claim is hereby granted."); Flaherty v. Massapequa Pub. Schs., 752 F.Supp.3d 286, 299 (E.D.N.Y. 2010)("Similarly, as the plaintiff has asserted no causes of action against named defendant Marianne Fisher, she is also terminated as a defendant."); Jones v. Countrywide Home Loans, Inc., No. 09-4313, 2010 WL 551418, at *10 (N.D. Ill. Feb. 11, 2010)("Defendants 'Does 1-10' are alleged to be individuals who otherwise 'engaged in or aided and abetted' the wrongdoing alleged in the First Amended Complaint . . . . Jones has stated no claims against individual defendants in the First Amended Complaint.  Defendants Does 1-10 are therefore dismissed."); Shook v. Shook, No. 5:06cv76, 2007 WL 2491327, at *16 (W.D.N.C. Aug. 29, 2007)("While plaintiff named Western Surety in her Amended Complaint, she has asserted no claims against such defendant . . . . [T]he court will dismiss Western Surety with prejudice from this action inasmuch as plaintiff has failed to state any cognizable claims against it.").  Here, the Plaintiffs have alleged no causes of action against Hanover Insurance under New Mexico or Arizona law, see Tr. at 17:18-19 (Eden), and cannot proceed against it under MFRA or Arizona's Motor Carrier Insurance Act.  Accordingly, the Court will dismiss Hanover Insurance from this action.  The order will remain interlocutory, so the Plaintiffs will be able to move to rejoin Hanover Insurance in Arizona if the Court's understanding of Arizona law is incorrect and it can be joined as a party to a direct action.

## IV.    THE COURT WILL TRANSFER THE REMAINING CASE TO THE DISTRICT OF ARIZONA.

The Plaintiffs request that the Court transfer the remaining case against Mayflower Transit, Clark Moving, and Hogan to the District of Arizona.  See Tr. at 18:5-7 (Eden).  28 U.S.C. § 1406 permits transfer to cure a venue defect, while 28 U.S.C. § 1631 permits transfer to cure a jurisdictional defect.  The test under both statutes, however, is whether transfer is in the "interest of justice."  28 U.S.C. § 1406(a); 28 U.S.C. § 1631.  "The 'interest of justice' is an amorphous standard, left largely undefined by the courts."  17 J. Moore, Moore's Federal Practice, § 111.34, at 111-165 (3d ed. 2011).  Ordinarily, "transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice defeating.'" 17 J. Moore, Moore's Federal Practice, § 111.34, at 111-165 (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962)).  Arizona appears to be the only state that has personal jurisdiction over all of the remaining Defendants, because the accident which gave rise to the Plaintiffs' alleged injuries occurred there.  See Complaint ¶ 10, at 3.  Furthermore, because the accident occurred in Arizona, Arizona likely has an interest in the resolution of this dispute.  Mayflower Transit, Clark Moving, and Hogan asked that the Court dismiss the action, rather than transfer the case; however, the only argument they raised in opposition to transfer was that they did not want to waive any objections they may have to Arizona's jurisdiction.  See Tr. at 19:9-14 (Winters).  On the other hand, Mayflower Transit, Clark Moving, and Hogan admitted that it is unlikely that there are any jurisdictional issues that would prevent the case from moving forward in the District of Arizona. See Tr. at 19:4-9 (Winters).  The Court is a New Mexico Court, and may not be as familiar as the Arizona district court, about personal jurisdiction in Arizona; the Court may have missed something. The Court sees no reason why a court's order to transfer, over a defendant's objections and on a

-35-

plaintiff's motion, would waive any of the defendant's possible jurisdictional challenges. See Convergence Tech. (USA), LLC v. Microloops Corp., 711 F.Supp.2d 626, 633 (E.D. Va. 2010)("[T]he filing of a motion to transfer does not operate as a waiver of a personal jurisdiction objection.").

The Court will grant the request to transfer, because doing so is in the interest of justice. It is in the interest of justice to transfer the suit, because: (i) Arizona appears to be the only forum in which the Plaintiffs can properly sue all of the remaining Defendants; (ii) it is "justice defeating" to dismiss an action that could be brought elsewhere, Goldlawr, Inc. v. Heiman, 369 U.S. at 466, and the Plaintiffs have stated that they will re-file in Arizona, see Tr. at 18:9-10 (Eden); and (iii) the Defendants have raised no current objections to Arizona's jurisdiction or asserted any other objection to transferring the case. Furthermore, as Professor Moore notes: "Transfer rather than dismissal ordinarily will be in the interest of justice, unless (1) the action or appeal is frivolous, (2) the action was untimely filed in the original court, or was prematurely filed, or (3) the party moving for transfer delayed too long before making the motion." 17 J. Moore, Moore's Federal Practice, § 111.34, at 111-193. The Defendants do not argue, and the Court does not find on the record before it, that any of these situations are present here. Additionally, transfer is permitted to cure both a venue defect, see 28 U.S.C. § 1406, and a jurisdictional defect, see 28 U.S.C. § 1631. Accordingly, the Court will transfer the action to the District of Arizona.

**IT IS ORDERED** that: (i) Defendant Hanover Insurance Group's Motion to Dismiss, filed August 5, 2011 (Doc. 7), is granted; (ii) Defendant Mayflower Transit LLC's Motion to Dismiss, filed October 21, 2011 (Doc. 19), is granted in part and denied in part; (iii) Clark Moving & Storage, Inc.'s Motion to Dismiss, filed December 14, 2011 (Doc. 27), is granted in part and denied in part; and (iv) Defendant Dana A. Hogan's Motion to Dismiss, filed January 10, 2012 (Doc. 33), is granted

in part and denied in part.  The Court will dismiss Hanover Insurance from the case, but will not

dismiss any other Defendant.  The Court will grant Plaintiffs Larry Whiting's, Leroy Whiting's, and

Lorenzo Garcia's request that the Court transfer the remaining case against Defendants Mayflower

Transit, Clark Moving, and Hogan to the United States District Court for the District of Arizona.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

George Anthony Bleus
Josh E. Eden
Bleus & Associates, LLC
Albuquerque, New Mexico

       *Attorneys for the Plaintiffs*
Edward Shepherd
Christopher P. Winters
Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Albuquerque, New Mexico

       *Attorneys for the Defendants*